# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **LORIANN DEUEL, individually and on behalf of her infant daughter, Britney Marie Deuel, and LORRAINE DEUEL,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) ) | **CASE NO. 3:06-0234** |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| | ) | |
| **FRANK T. DALTON, FRANK N. DALTON, JEAN T. DALTON, LARRY DALTON, JOHN & JANE DOES 1-100, and ABC CORP'S 1-100,** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* with regard to the issue of the Court's jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion." *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 132 (1995) (Ginsburg, J., concurring).

Plaintiffs have filed a 20-page pro se Complaint, essentially alleging that Britney Marie Deuel's natural father, Frank T. Dalton, wrongfully removed her from the state of Tennessee and transported her "across state lines" to the state of New York. Plaintiff Loriann Deuel sues individually and purportedly on behalf of Britney Marie Deuel. Britney Marie Deuel's grandmother, Lorraine Deuel, is also a named Plaintiff.

Plaintiffs state that Britney Marie Deuel was born December 14, 1993,[1] and was a resident of the state of Tennessee from the date of her birth until February 23, 2004, "except for a period of time between August 2001 to July 2002 when she spent some time in the State of New York." Docket No. 1, p. 3. During the "brief stay" in New York, Plaintiff Loriann Deuel and Britney Marie Deuel apparently had contact with Frank T. Dalton, and his parents, Frank N. Dalton and Jean T. Dalton, who are also Defendants. Plaintiff Loriann Deuel avers that, after Frank T. Dalton attempted to re-establish a relationship with her, she began to fear for her daughter's safety as well as her own, and she returned to Tennessee in July 2002. She further avers that, on February 23, 2004, Frank T. Dalton came to Tennessee and forcibly removed Britney Marie Deuel, taking her to New York.

Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1343, which, according to the Complaint, "provides for original jurisdiction over all actions brought pursuant to [42] U.S.C. § 1983 . . . ." Plaintiffs also invoke the jurisdiction of the Court under 28 U.S.C. § 1331, "which provides jurisdiction over all cases brought pursuant to the Constitution of the United States." *Id.*, p. 2. Additionally, Plaintiffs aver that they are citizens of the state of Tennessee, that each Defendant is a citizen of the state of New York, and that the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest. Thus, Plaintiffs also invoke the jurisdiction of the Court pursuant to 28 U.S.C. § 1332.

Plaintiffs' Complaint raises seven counts: (1) "Conspiracy to Violate Civil Rights Under

---

[1] Even though Britney Marie Deuel is referred to in the style of the Complaint and the body of the Complaint as an "infant," she is now 12 years old.

2

§ 241 & Deprivation of Rights Under Color of Law Under § 242"[2]; (2) "Violation of Constitutional Rights Under § 1983"; (3) "Custodial Interference"; (4) "False Imprisonment"; (5) "Conspiracy"; (6) "Infliction of Emotional Distress"; and (7) "Estoppel by Acquiescence."

To the extent that Plaintiffs seek to raise claims that Defendants violated their constitutional rights, Plaintiffs must bring those claims under 42 U.S.C. § 1983, and cannot raise those claims directly under the Constitution. *Thomas v. Shipka,* 818 F.2d 496 (6th Cir. 1987), *vacated on other grounds,* 488 U.S. 1036 (1989).

Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state of territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

As the United States Supreme Court has stated:

> To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful . . . .'"

*American Manufactures Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (citations and footnote omitted).

Thus, in order for Plaintiffs to state a claim under § 1983, they must allege and show that one or more Defendants, in removing Britney Marie Deuel from Tennessee to New York, acted

---

[2]  Plaintiffs do not clarify their citations to "§ 241" and "§ 242."

3

under color of state law.  Plaintiffs have not alleged that any Defendants acted under color of state law, and, therefore, this Court has no jurisdiction of this case under 42 U.S.C. § 1983.[3]

With regard to Plaintiffs invocation of this Court's diversity jurisdiction, "the federal courts have long held that they lack jurisdiction in . . . most domestic relations matters, even if the parties are of diverse citizenship."  *See* **Moore's Federal Practice 3d,** § 102.90, p. 102-149. **Moore's** states in pertinent part as follows:

> As a result [of the "domestic relations exception" to diversity jurisdiction], federal courts generally dismiss diversity cases involving divorce and alimony, *child custody*, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.
>
> . . .
>
> Among the general considerations underlying the domestic relations exception are said to be the strong state interest and the relative expertise of state courts in the area of family law, the ability of the state courts to provide ongoing supervision, the availability in state court of professional support services, and the undesirability of potentially incompatible federal and state decrees in this area.  The domestic relations exception, then, is based on the premise that the states have traditionally adjudicated marital and *child custody* disputes and, therefore, have developed competence and expertise in those matters that federal courts lack.

*Id.*, § 102.91[1], [2], p. 102-50 to 102-151 (emphasis added).

The domestic relations exception was first recognized by the United States Supreme Court in *Barber v. Barber*, 62 U.S. (21 How.) 582 (1859), and was reaffirmed in *Ankenbrandt v.*

---

[3] Plaintiffs make a perfunctory statement that Defendants acted "under color of law," when they "did take, kidnap, and remove said child, Britney Marie Deuel from the state of Tennessee and transported said child to the state of New York . . . ."  Plaintiffs, however, offer no factual allegations to support their claims that Defendants acted "under color of law," much less that they acted under color of state law.  Docket No. 1, ¶¶ 26, 28.

4

*Richards*, 504 U.S. 689 (1992) and *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 159 L.Ed.2d 98 (2004). Additionally, the Sixth Circuit recognized the domestic relations exception in *McLaughlin v. Cotner,* 193 F.3d 410 (6th Cir. 1999).

The case at bar plainly involves a child custody issue. Plaintiff Loriann Deuel repeatedly cites T.C.A. § 36-2-303, which provides, "Absent an order of custody to the contrary, custody of a child born out of wedlock is with the mother." The basis of Plaintiffs' Complaint is that the child's natural father, Frank T. Dalton, has interfered with the mother's custodial rights. Thus, the matters alleged in Plaintiffs' Complaint plainly fall within the domestic relations exception to this Court's diversity jurisdiction.

For the foregoing reasons, the undersigned concludes that this Court lacks subject matter jurisdiction of this action under all the bases alleged by Plaintiffs, namely 28 U.S.C. §§ 1331, 1332 and 1343. Because the Court lacks subject matter jurisdiction of this action, this action should be DISMISSED WITHOUT PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge