IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LORIANN DEUEL, individually and on behalf of her infant daughter, Britney Marie Deuel, and LORRAINE DEUEL, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 3:06-0234 Judge Trauger |
| v. | ) ) | Magistrate Judge Knowles |
| FRANK T. DALTON, FRANK N. DALTON, JEAN T. DALTON, LARRY DALTON, JOHN & JANE DOES 1-100, and ABC CORP'S 1-100, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

On April 25, 2006, the Magistrate Judge issued a Report and Recommendation, recommending *sua sponte* that this court find no subject matter jurisdiction over this case and dismiss it without prejudice. (Docket No. 8) The plaintiffs have filed a Memorandum of Law in Opposition to a Motion to Dismiss (Docket No. 12), which the court will construe as objections to the Report and Recommendation. This court must make a *de novo* determination of these objections on the record before it. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), FED.R.CIV.P.

The Magistrate Judge recommended dismissal on the basis of the domestic relations exception to this court's diversity jurisdiction, construing the allegations in the plaintiffs' *pro se* complaint as a "child custody issue." (Docket No. 8 at 5) In addition, the Magistrate Judge found no jurisdiction under 42 U.S.C. § 1983 because the plaintiffs had not alleged actions "under color of state law." In their lengthy filing, the plaintiffs refocus their allegations and request that the court allow them to file an amended complaint containing these new allegations.

1

In the interest of judicial economy, the court will analyze these new allegations as if they had been put forth in an amended complaint and dispose of them accordingly. The initial Complaint focused on the alleged wrongful removal of the minor child, Britney Deuel, from Tennessee to New York by the defendants in February of 2004. (Docket No. 1) The new allegations focus more upon state court proceedings that took place in New York in 2002. (Docket No. 12)

As to the claim under 42 U.S.C. § 1983 for deprivation of constitutional rights under color of state law, the plaintiffs have more carefully alleged what could constitute actions by state actors so as to bring this claim within the umbrella of § 1983. However, the complained-of actions of the individuals involved--Philip J. Danahar, a "court-appointed, and State-compensated law guardian of the Rensselaer County Family Court in Troy, New York" (Docket No. 12 at 12), and those in concert with him, including the defendants--all took place in the state of New York, not in Tennessee. Therefore, venue does not lie in this district for this alleged cause of action but, rather, in the appropriate federal district in the state of New York.

As to the plaintiffs' claim that this court has diversity jurisdiction, the case is between citizens of different states: the plaintiffs are citizens of Tennessee, and apparently all defendants are citizens of New York. The plaintiffs have pled damages in excess of the jurisdictional threshold of $75,000. However, the Magistrate Judge's conclusion as to the applicability of the domestic relations exception to diversity jurisdiction is correct. This exception applies, under the law set out in the Report and Recommendation, when matters of child custody are at issue, as they are here.

The court finds without merit the plaintiffs' attempts to distinguish their situation by

2

claiming that this is not a custody matter because "there were never any custody proceedings conducted in either the State of New York or the State of Tennessee and that the defendant Frank T. Dalton does not have legal custody of Britney Marie Deuel." (Docket No. 12 at 4) First, even if there had been no formal "custody proceedings" in any state court in New York or Tennessee, that would not mean that this case does not concern the custody of a child. Second, the transcripts and documents that the plaintiffs attached to their Memorandum of Law show clearly that there were what amounts to "custody proceedings" in the Family Court of the State of New York, County of Rensselaer, Troy, New York. Moreover, plaintiffs explain in their filing that plaintiff Loriann Deuel was summoned to appear, and did appear, at a hearing on October 17, 2003 in the Juvenile Court of Rutherford County, Tennessee, wherein that court apparently enforced a New York court order "regarding custody and visitation." (Docket No. 12 at 17) The domestic relations exception clearly applies.

However, even without the domestic relations exception to diversity jurisdiction, the *Rooker-Feldman* doctrine deprives this court of jurisdiction over this case. The *Rooker-Feldman* doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). It holds that, under 28 U.S.C. § 1257, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir.2002). The *Rooker-Feldman* doctrine applies to interlocutory, as well as final, state court decisions. *See Schmitt v. Schmitt*, 324 F.3d 484, 486-87 (7th Cir. 2003); *Brown & Root, Inc. v. Breckenridge*,

211 F.3d 194, 199 (4th Cir. 2000); *Doctors Assocs., Inc. v. Distajo*, 107 F.3d 126, 138 (2d Cir.1997). *See also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n. 1 (8th Cir.1995) (noting that "Rooker-Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits").

In the Sixth Circuit:

> The federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir.1990)).

Stated differently:

> The appropriate inquiry is not whether the district court would be required to "overrule" in some technical way the state court judgment, but is instead whether the constitutional [or other] claim presented by the plaintiff is so intertwined with the state court proceedings that a federal court review of the claim would necessarily constitute a review of the state court's decision, such that a federal court decision in the plaintiff's favor would call the state court decision into question.

*Pancake v. McCowan*, 64 Fed.Appx. 464, 2003 WL 2007943 at *2 (6th Cir. 2003).

In a recent United States Supreme Court decision, the Court clarified and reaffirmed the notion that the *Rooker-Feldman* doctrine deprives a district court of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 161 L.Ed.2d 454, 461 (2005). That is exactly what the plaintiffs are asking this court to do. The

4

plaintiffs, in complaining of a deprivation of constitutional rights in the New York state courts in 2002, state: "Here, Plaintiffs are not suing to have a federal court issue any divorce, alimony or child support decrees, but simply *to attack the unconstitutional determinations of those types of proceedings done by the Defendants' state courts*." (Docket No. 12 at 7) That relief this court has no jurisdiction to grant. The plaintiffs' remedies are to either appeal those judgments of the New York courts or to do what they represent they are doing at this time, and that is to petition the New York state courts for custody of the minor child (Docket No. 12 at 20).

The court understands the distress of the plaintiffs and is sensitive to these issues. However, the plaintiff is simply in the wrong court.

The Report and Recommendation (Docket No. 8) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, as supplemented by the reasons expressed herein, this case is **DISMISSED** for want of subject matter jurisdiction in this court.

It is so **ORDERED.**

Enter this 15th day of August 2006.

                                     _____
                                     ALETA A. TRAUGER
                                     U.S. District Judge

5

Case 3:06-cv-00234   Document 13   Filed 08/15/06   Page 5 of 5 PageID #: 101